UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
ASHEVILLE, N.C.
MAY 1 8 2009
U.S. DISTRICT COURT
W. DIST. OF N.C.

DOCKET NO.: 3:08CR233-R

| | | |
|---|---|---|
| UNITES STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CONSENT ORDER AND<br>JUDGMENT OF FORFEITURE |
| (2) MIGUEL LORIA,<br>    Defendant. | )<br>)<br>) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1.  The following property is forfeited to the United States pursuant to 18 U.S.C. § 982, 18 U.S.C. § 1028(b)(5), 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

> **Approximately $93,318.30 in funds seized from Bank of Granite Account Number XXXX7907, such account held in the name of La Libertad, Inc. and/or Miguel Loria;**
>
> **Approximately $7723.00 in funds seized from Capital Bank Account Number XXXXX7127, such account held in the name of La Libertad, Inc. and/or Miguel Loria;**
>
> **One 2007 Toyota Camry, VIN#: 4T1BK46K97U500059, registered in North Carolina in the name of Miguel Loria;**
>
> **Any and all interest of Loria in La Libertad and El Nuevo Irazu, and**
>
> **Any and all currency and monetary instruments that were received during, involved in, or used or intended to be used to facilitate the crimes alleged in the Bill of Indictment, including but not limited to the sum of approximately $12,000,000.00 in proceeds and funds involved in the alleged violations.**

2.  The Internal Revenue Service and/or other property custodian for the investigative agency took possession of the above-described personal property on November 21, 2008 and will maintain custody of the property, and filed a lis pendens against the above described real property on November 21, 2008 and is authorized to take custody of the real property;

3.  The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the forfeited property, and shall publish notice of this

forfeiture as required by law;

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest;

5. Following the Court's disposition of all timely petitions filed, a Final Order of Forfeiture shall be entered as to the specifically identified assets above. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property and shall dispose of the property according to law; and

6. The parties acknowledge herein to the Court that the omission of the real property located at 323 Linwood Drive, Lincolnton, North Carolina from this Consent Order shall not impede the Government's ability to later move for forfeiture of the real property at 323 Linwood Drive.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 982, 18 U.S.C. § 1028(b)(5), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

Edward R. Ryan
~~GRETCHEN C. F. SHAPPERT~~
ACTING UNITED STATES ATTORNEY

BENJAMIN BAIN-CREED
Special Assistant United States Attorney

MIGUEL LORIA
Defendant

JOHN JOSEF NICKERSON, ESQ.
Attorney for Defendant

Signed this the 18 day of July, 2009.

UNITED STATES DISTRICT JUDGE