# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr233-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MIGUEL LORIA. | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss Petition of Alma Loria [Doc. 67].

On March 17, 2009, the Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to Counts 1, 2 and 4 of the bill of indictment; that is, conspiracy to commit false claims; conspiracy to defraud; and aggravated identity theft, in violation of 18 U.S.C. §§286, 371 & 1028A(a)(1). [Doc. 45]. Based on the forfeiture notice contained within the bill of indictment and the Defendant's plea agreement, the undersigned entered a Consent Order and Judgment of Forfeiture on May 18, 2009. [Doc. 52]. The Government then served notice of the forfeiture proceeding to potential third parties by internet publication. [Doc.

53]. Included within the notice was a directive that any person claiming an interest in the property to be forfeited must file a petition, signed under penalty of perjury, no later than July 19, 2009. [Doc. 53-2].

On July 21, 2009, the Defendant's wife, Alma Loria, filed a document which she styled "Petition of Interest." [Doc. 61]. Although she signed the document, she did not do so under penalty of perjury. Because the Government did not attempt to serve Ms. Loria with notice of the forfeiture, the undersigned required that it make efforts to ascertain her current residence. [Doc. 72]. The Government then responded that the parties' former residence had been foreclosed,[1] the Defendant declined to provide any information as to his wife's whereabouts and it was believed that she had left the United States. [Doc. 77].

The Government advises in the motion to dismiss that notice was provided pursuant to the official government forfeiture website for thirty consecutive days in compliance with Supplemental Rule G(4) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. The Government did not mail actual notice to Ms. Loria because she was not identified in any documents or motor vehicle records

---

[1]This residence is not identified as a property to be forfeited.

2

as a potential claimant of the bank accounts and motor vehicle at issue. There was also no indication that Ms. Loria had any business interests in the property to be forfeited. 21 U.S.C. §853(n)(1) ("The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.").

The last date that the forfeiture notice to interested third parties was published was June 18, 2009. [Doc. 53-2]. Ms. Loria's petition, filed July 21, 2009, was untimely because she filed it more than thirty days after the last publication date. 21 U.S.C. §853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States ... may, within thirty days of the final publication of notice ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property."). Because it is untimely, any interest which she may have had in the property has been forfeited. United States v. Marion, 562 F.3d 1330, 1336-37 (11th Cir. 2009); United States v. Grossman, 501 F.3d 846, 848 (7th Cir. 2007), *certiorari denied sub nom* Aurora Loan Services, LLC v. United States, 128 S.Ct. 1098, 169

L.Ed. 812 (2008).

In addition, the petition is invalid because it was not signed under penalty of perjury. 21 U.S.C. §853(n)(3) ("The petition shall be signed by the petitioner under penalty of perjury[.]").

> In order to stand before a court and contest a forfeiture, a claimant must meet both Article III and statutory standing requirements. To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements[.] The most significant requirement is that the claimant must timely file a verified statement of interest, as required by [21 U.S.C. §853(n)]. ... The requirement that the claimant file a timely verified statement serves two purposes. First, it forces claimants "to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay." Second, it "minimize[s] the danger of false claims by requiring claims to be verified or solemnly affirmed." For these reasons, the requirement "is no merely procedural technicality." A claimant who fails to file a verified statement has no standing to contest a forfeiture. Courts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing.

United States v. $487,825, 000 in U.S. Currency, 484 F.3d 662, 664-65 (3rd Cir. 2007) (citations omitted) (civil forfeiture context); United States v. Edwards, 2007 WL 2088608 **2 (W.D.La. 2007) (criminal forfeiture context); United States v. 328 Pounds More or Less of Wild American Ginseng, 347 F.Supp.2d 241, 249 (W.D.N.C. 2004).

4

The Court therefore finds that the petition must be dismissed.[2]

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss Petition of Alma Loria [Doc. 67] is hereby **GRANTED**.

Signed: September 21, 2009

Martin Reidinger
United States District Judge

---

[2]Although the Government raised alternate grounds, it is unnecessary to address them.