# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr233-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MIGUEL LORIA. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for a *Nunc Pro Tunc* Recommended Order to Correct a Clerical Error in the Record Pursuant to Federal Criminal Rule 36" [Doc. 110].

## PROCEDURAL HISTORY

The Defendant was indicted on November 19, 2008 and charged, along with his two co-defendants, with operating a tax refund conspiracy, in violation of 18 U.S.C. §§286 & 371. [Doc. 3]. He was also charged with aggravated identify theft, conspiracy to money launder, and money laundering, in violation of 18 U.S.C. §§1028A(a)(1), 1956(h) & 1957(a). [Id.]. On March 17, 2009, he entered into a plea agreement with the Government pursuant to which he pled

guilty to two counts of conspiracy to make false claims and to defraud the United States and one count of aggravated identity theft. [Doc. 45]. On October 23, 2009, the Defendant was sentenced to 63 months imprisonment. [Doc. 99]. The sentencing court recommended that he be "allowed to participate in *any available* substance abuse treatment programs while incarcerated and *if eligible* receive benefit of 18 U.S.C. §3621(e)(2)" which provides for a reduction in sentence upon the successful completion of such a program. [Doc. 99, at 2] (emphasis provided). The Defendant did not appeal his conviction or sentence.

## DISCUSSION

The Defendant now moves for the Court to amend his Judgment of Conviction in a Criminal Case to include a recommendation that he be housed at a particular facility in order to increase his chances of participating in a drug treatment program. He claims that Federal Rule of Criminal Procedure 36 provides authority to do so.

That Rule provides that a court may correct a clerical error or other error in a judgment arising from oversight or omission. Fed.R.Crim.P. 36. The judgment in the Defendant's case, however, contains no such error. United States v. Brown, 343 Fed.Appx. 934, 935-36 (4th Cir. 2009) (Rule 36 does not

allow a court to revisit a sentence when the correction is to remedy an error of law not one of transcription). The language in the Defendant's judgment clearly states that it is recommended he be allowed to participate in "any available" drug treatment programs. This Court has no authority to order the Bureau of Prisons (BOP) to have such programs available. Mares v. Federal Bureau of Prisons, 401 F.Supp.2d 775, 778 (S.D.Tex. 2005) ("'Congress intended to authorize the BOP to operate a boot camp program but did not intend to require operation of such a program.'"). "Congress and the Attorney General have delegated authority to the BOP to administer the federal prison system." Palomino v. Federal Bureau of Prisons, 408 F.Supp.2d 282, 288 (S.D.Tex. 2005). "Under 18 U.S.C. §3621(b), the BOP has the authority to decide the place of a prisoner's imprisonment." Id., *citing* United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (only the Attorney General through the BOP has the authority to administer a prison sentence). Thus, "a district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons." United States v. Serafini, 233 F.3d 758, 778 n.23 (3rd Cir. 2000). Indeed, "[a] prisoner does not have a constitutional due process right to incarceration in a particular place or at a particular institution." Palomino, 408

F.Supp.2d at 292-93.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for a *Nunc Pro Tunc* Recommended Order to Correct a Clerical Error in the Record Pursuant to Federal Criminal Rule 36 [Doc. 110] is hereby **DENIED**.

Signed: April 29, 2010

Martin Reidinger
United States District Judge